**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CODING TECHNOLOGIES, LLC,** | |
| **Plaintiff,** | **CASE NO. 3:20-cv-01001-L** |
| **v.** | **PATENT CASE** |
| **SAMSONITE CORPORATION,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**SAMSONITE'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Samsonite LLC[1] ("Samsonite" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Coding Technologies, LLC's ("Coding Technologies" or "Plaintiff") Complaint. Samsonite denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[2]

**PARTIES AND JURISDICTION**

1.      Samsonite admits that Plaintiff has alleged patent infringement under Title 35 of the United States Code and that Plaintiff purports to be seeking injunctive relief and damages, but Samsonite denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Samsonite denies any remaining allegations in Paragraph 1 of the Complaint.

2.      Samsonite admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Samsonite denies it has committed or is committing

---

[1] Plaintiff incorrectly identifies as the named Defendant, "Samsonite Corporation," which was converted to Samsonite LLC, a Delaware limited liability company on September 3, 2009.

[2] For avoidance of doubt, Samsonite denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

acts of infringement and denies Plaintiff is entitled to any relief. Samsonite denies any remaining

allegations in Paragraph 2 of the Complaint.

3.      Samsonite is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such

allegations.

4.      Samsonite admits that Samsonite LLC is a Delaware corporation and has a principal

place of business located at 575 West Street, Suite 110, Mansfield, MA 02048. Samsonite denies

the remaining allegations in Paragraph 4 of the Complaint.

5.      Samsonite denies the allegations in Paragraph 5 of the Complaint.

6.      Samsonite denies the allegations in Paragraph 6 of the Complaint.

## VENUE

7.      Samsonite admits that Samsonite Company Stores, LLC operates a retail store

located at 3000 Grapevine Mills Pkwy., Suite 344, Grapevine, TX 76051. Samsonite denies the

remaining allegations in Paragraph 7 of the Complaint.

## COUNT 1
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,540,159)

8.      Samsonite re-alleges and incorporates by reference each of its responses set forth

in Paragraphs 1–7 above as if fully set forth herein.

9.      Samsonite admits that the Complaint purports to set forth an action for infringement

of a U.S. Patent under the Patent Laws of the United States, 35 U.S.C. §§ 271, 278, and 284-85,

but Samsonite denies it has committed or is committing acts of infringement and denies Plaintiff

is entitled to any relief. Samsonite denies any remaining allegations in Paragraph 9 of the

Complaint.

10.     Samsonite is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     Samsonite admits that a document purporting to be U.S. Patent No. 8,540,159 (the "'159 Patent") is attached as Exhibit A to the Complaint and that the face of that patent indicates that it is entitled, "Method for Providing Mobile Service Using Code-Pattern." Samsonite denies all remaining allegations in Paragraph 11 of the Complaint.

12.     Samsonite is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13.     Samsonite denies the allegations in Paragraph 13 of the Complaint.

14.     Samsonite admits that it has incorporated a Quick Response (QR) code in connection with promotional media. Samsonite denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Samsonite denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the allegations in Paragraph 15 of the Complaint.

16.     Samsonite denies the allegations in Paragraph 16 of the Complaint.

17.     Samsonite denies the allegations in Paragraph 17 of the Complaint.

18.     Samsonite denies the allegations in Paragraph 18 of the Complaint.

19.     Samsonite denies the allegations in Paragraph 19 of the Complaint.

20.     Samsonite denies the allegations in Paragraph 20 of the Complaint.

21.     Samsonite denies the allegations in Paragraph 21 of the Complaint.

22.     Samsonite is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Samsonite denies that Plaintiff is entitled to any relief from Samsonite and denies all of the allegations in sections (a)-(e) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Samsonite's Affirmative Defenses are listed below. Samsonite reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

Samsonite does not and has not infringed, either literally or under the doctrine of equivalents, under any theory of infringement (including directly) (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '159 Patent.

## SECOND DEFENSE

Each claim of the '159 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the '159 Patent, from asserting any interpretation of any valid, enforceable claims of the '159 Patent that would be broad enough to cover any

accused product alleged to infringe the '159 Patent, either literally or by application of the doctrine of equivalents.

### FOURTH DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '159 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Samsonite's actions allegedly infringed the '159 Patent, Samsonite is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '159 Patent.

### FIFTH DEFENSE

The claims of the '159 Patent are not entitled to a scope sufficient to encompass any product of, system employed by, or process practiced by Samsonite.

### SIXTH DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### SEVENTH DEFENSE

Should Samsonite be found to infringe any valid, enforceable claim of the '159 Patent, such infringement was not willful.

### SAMSONITE'S COUNTERCLAIMS

For its counterclaims against Plaintiff Coding Technologies, LLC ("Coding Technologies" or "Plaintiff" or "Counterclaim Defendant"), Counterclaim Plaintiff Samsonite LLC ("Samsonite") asserts the below-listed counterclaims. Samsonite reserves the right to amend its Answer to add additional counterclaims, consistent with the facts discovered in the case.

## PARTIES

1.      Counterclaim Plaintiff Samsonite LLC is a corporation organized and existing under the laws of Delaware that maintains an office at 575 West Street, Suite 110, Mansfield, MA 02048.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pleaded by Coding Technologies, Counterclaim Defendant Coding Technologies is a limited liability company organized and existing under the laws of Texas that maintains its principal place of business at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

## JURISDICTION

3.      Samsonite incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Coding Technologies has consented to the personal jurisdiction of this court by at least commencing its action for patent infringement in this district, as set forth in its Complaint.

6.      Based solely on Coding Technologies' filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT 1
## DECLARATION REGARDING NON-INFRINGEMENT

7.      Samsonite incorporates by reference Paragraphs 1–6 above.

8.      Based on Coding Technologies' filing of this action and at least Samsonite's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Samsonite infringes U.S. Patent No. 8,540,159 ("the '159 Patent").

6

9.      Samsonite does not infringe the '159 Patent because, *inter alia*, the accused system and any "internal testing" thereof does not "extract the code pattern from the photographic image" or "transmit[] a content information request message to a server based on the code information" as required by at least Claim 1.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Samsonite requests a declaration by the Court that Samsonite has not infringed and does not infringe the '159 Patent under any theory.

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.     Samsonite incorporates by reference Paragraphs 1–10 above.

12.     Based on Coding Technologies' filing of this action and at least Samsonite's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '159 Patent.

13.     On information and belief, the claims of the '159 Patent are invalid for failure to comply with one or more of the requirements of United States Code, title 35, and the rules, regulations, and laws pertaining thereto.

14.     The claims of the '159 Patent are anticipated or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,726,435; 5,691,527; 5,616,905; 4,984,073; 5,640,193; 7,121,469; 6,886,750; 6,076,734; 4,841,132; U.S. Patent Application Pub. No. 2002/0023218; and/or PCT Application Pub. No. WO/200/070585 A1.

15.     The '159 Patent is invalid for failure to comply with 35 U.S.C. § 101 because, *inter alia*, its claims are directed to an abstract idea and lack any inventive features.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Samsonite requests a declaration by the Court that the claims of the '159 Patent are invalid for

failure to comply with one or more requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Samsonite asks this Court to enter judgment in Samsonite's favor and against Coding Technologies by granting the following relief:

a) A declaration that the claims of the '159 Patent are invalid;

b) A declaration that Samsonite does not infringe, under any theory, any valid claim of the '159 Patent that may be enforceable;

c) A declaration that Coding Technologies take nothing by its Complaint;

d) Judgment against Coding Technologies and in favor of Samsonite;

e) Dismissal of the Complaint with prejudice;

f) A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Samsonite of its costs and attorney's fees incurred in this action; and

g) Further relief as the Court may deem just and proper.

**JURY DEMAND**

Samsonite hereby demands trial by jury on all issues.

Dated: June 10, 2020

Respectfully submitted,

**FISH & RICHARDSON P.C.**


By:  */s/ Neil J. McNabnay*
      Neil J. McNabnay
      Texas Bar No. 24002583
      mcnabnay@fr.com
      Ricardo J. Bonilla
      Texas Bar No. 24082704
      rbonilla@fr.com
      1717 Main Street, Suite 5000
      Dallas, Texas 75201
      (214) 747-5070 – Telephone
      (214) 747-2091 – Facsimile


**COUNSEL FOR DEFENDANT
SAMSONITE LLC**


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on June 10, 2020, to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system.

                                    */s/ Neil J. McNabnay*
                                    Neil J. McNabnay

9